UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIS SANCHEZ

                Plaintiff,

- against -

CITY OF NEW YORK, CAPTAIN WHITAKER, CAPTAIN STANLEY, CAPTAIN WHITE, CAPTAIN MONROE, INTAKE SECURITY, TONY DURANTE, CAPTAIN OLANIYAN, C.O. DAIF, C.O. KEELY, CAPTAIN NAJAH, C.O. WOLAK, C.O. LITWENAK, C.O. TAVERAS, C.O. WOODS, AYODELE GREEN, CESAR THOMAS, PIERRE PROVILON, TOMMY MICHAEL, BEATRIZ NUNEZ, RONAN DAVID TROJNOWSKI, and AUGUSTIN GOMEZ,

                Defendants.

**ORDER**

18 Civ. 1259 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Elvis Sanchez brings this Section 1983 action against the City of New York and twenty-one supervisors and officers of the New York City Department of Corrections ("DOC"). Plaintiff – who was held as a pretrial detainee at a DOC facility – alleges that Defendants violated his constitutional rights by failing to protect him from attacks by other inmates, and by failing to provide adequate medical care after he was assaulted by his fellow inmates.

      Defendant City of New York (the "City") and Defendants Durante, Whitaker, and Stanley (collectively "Defendants") have moved to dismiss. (Mtn. (Dkt. No. 23)) On February 6, 2019, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("R&R")

recommending that this Court grant Defendants' motion as to the City, Whitaker, and Stanley, and deny the motion as to Durante. (R&R (Dkt. No. 71) at 11)[1]

Defendants filed timely objections to the R&R. (Def. Obj. (Dkt. No. 72)) Having reviewed Defendants' objections, this Court will adopt Judge Netburn's R&R in part as set forth below, and will grant Defendants' motion to dismiss in its entirety.

## BACKGROUND

### I. FACTS

Between 2014 and 2015, Plaintiff was held as a pretrial detainee at the Anna M. Kross Center ("AMKC") on Rikers Island. (Cmplt. (Dkt. No. 2) at 3-9) During this time, he was assaulted on four occasions by other inmates. (Id. at 3) Plaintiff alleges that he was assaulted because of the nature of the charges against him – which involved a sexual offense against a child – and Defendants' deliberate indifferences. (Id.)

On November 6, 2014, while Plaintiff was at court, AMKC inmates "went through his court papers . . . and discovered he was being accused of a sexual offense against a child." (Id. at 5 (emphasis in original)) Plaintiff was subsequently "attacked in the bathroom" by other inmates. (Id.) Plaintiff screamed during the attack, but no correction officer came to assist him. (Id.) After the attack, Plaintiff asked correction officers to move him to a new housing unit, but they ignored his request. (Id.) Plaintiff was "jumped again" later that day, and suffered "nose bleeding, facial laceration and head and neck trauma." (Id. at 4, 12) Plaintiff received medical attention eight hours after the second attack. (Id. at 4) DOC Captain Whitaker "gave Plaintiff [an] inmate voluntary statement form after [the] 11-6-2014 attack."[2] (Id.)

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.
[2] This is the Complaint's sole factual allegation against Defendant Whitaker.

2

Plaintiff states that on January 16, 2015, he "made very clear to . . . [Defendant] Stanley . . . that because [his] court papers [and] indictment [were] circulating around [AMKC] . . . and because [he] feared for his life and safety, [he wanted to be] place[d] in protective custody[,] or at least transfer[red] to [the] Manhattan Detention Center." (Id. at 4-5) Plaintiff alleges that "Defendant Warden Tony Durante" knew "from reports" that Plaintiff's "court papers – indictment was circulating around [the AMKC]." (Id. at 5)

Defendant Stanley "disregarded" Plaintiff's request to be placed in protective custody or transferred, and Plaintiff was subsequently "attacked by three African-American gangmembers four hours later after they found out about his <u>Criminal Charges</u>." (Id. (emphasis in original)) Plaintiff suffered a "nose fracture, [a] black eye, [and a] scar [on his] forehead[,] and [his] right arm [was] beaten with [an] object." (Id. at 12)

On February 25, 2015, Plaintiff was moved to a new housing unit at AMKC. (Id. at 5) Just before the transfer, Plaintiff told Captain White – who was handling the transfer – that inmates had learned that he was "<u>in jail for a sexual offense against a child</u>," and had requested that he be held in protective custody or transferred to the Manhattan Detention Center. (Id. at 6) (emphasis in original). Captain White nonetheless attempted to place Plaintiff in "housing area 15 lower," but the inmates there told Captain White that "if [she brought] that <u>RAPO</u> in here, we are going to get his ass." (Id. at 6 (emphasis in original))

Captain White then brought Plaintiff "to intake to rehouse him." (Id. at 7) While Plaintiff was being reassigned, Captain White received a call requiring her to place Plaintiff in "one of the bullpens" while she went to "take care of the matter." (Id.) After being placed in the bullpen, Plaintiff tried "to stop every officer that passed by," saying "get me out of here," but "plaintiffs crys were disregarded for hours." (Id. at 8) "At around 7:30 pm the plaintiff was

3

attacked [by inmates] in that bullpen." (Id.) Despite Plaintiff's cries for help, Plaintiff did not receive assistance for three hours, when a captain interviewed him about attack and took photographs of his injuries. (Id. at 9) Plaintiff suffered "shattered teeth, injuries to [his] eyes, nose, mouth, head, chest, legs, neck and back, [and a] broken front tooth." (Id. at 12) Plaintiff was later transported to Elmhurst Hospital where he received treatment for "cuts, lacerations on his body and face as well as multiple bruises and swelling in [his] face and body." (Id. at 9-10)

The next day, Plaintiff was returned to AMKC and placed in a bullpen. (Id. at 10) Plaintiff alleges that the bullpen was unheated in "20 - 30 degree weather," that he went "without [a] meal for like five days straight," and that he was not able to shower. (Id.) A clinic physician gave him Motrin, "but it did not help the pain." (Id.)

## II. PROCEDURAL HISTORY

The Complaint was filed on February 12, 2018, and alleges Section 1983 claims for deliberate indifference and failure to provide medical care against, among others, the City, DOC Warden Durante, and DOC Captains Stanley and Whittaker. (Cmplt. (Dkt. No. 2) at 12-20)

The City and Defendants Durante, Stanley, and Whitaker moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 23) On October 31, 2018, this Court referred Defendants' motion to Judge Netburn. (Referral (Dkt. No. 45)) On December 7, 2019, Judge Netburn issued an Order setting a December 31, 2018 deadline for Plaintiff to file an opposition to Defendants' motion. (Order (Dkt. No. 51)) Plaintiff did not file an opposition to Defendants' motion. On February 6, 2019, Judge Netburn issued an R&R recommending that this Court dismiss the claims against the City, Whitaker, and Stanley, but deny the motion to dismiss as to Durante. (R&R (Dkt. No. 71) at 11) Copies of the R&R were mailed to the parties on February 6, 2019. (Id.)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[3] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations").

Defendants filed timely objections to the R&R. (Def. Obj. (Dkt. No. 72)) Defendants' objections are limited to Judge Netburn's recommendation that this Court deny Defendants' motion with respect to Durante. (Id.) Plaintiff did not file objections to the R&R, but did request leave to amend the Complaint. (Dkt. No. 73) Judge Netburn denied his request without prejudice to renewal following this Court's ruling on Defendants' motion to dismiss. (Dkt. No. 74)

---

[3] The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and the consequences for a failure to timely object:

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Gardephe. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

(R&R (Dkt No. 71) at 11-12) (emphasis in original).

# DISCUSSION

## I. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 7 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)).

A "party generally waives judicial review of an issue[] when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Here, as discussed above, Defendants filed timely objections to Judge Netburn's recommendation that Defendants' motion to dismiss be denied as to Durante. (Def. Obj. (Dkt. No. 72)) Accordingly, this recommendation is subject to de novo review.

Plaintiff has not filed objections to Judge Netburn's R&R, despite clear warning that a failure to file objections would result in a waiver of judicial review. (R&R (Dkt. No. 71) at 11-12) Accordingly, Plaintiff has waived judicial review. See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendations regarding the claims against the City, Stanley, and Whitaker. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

### B. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the

7

complaint," Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pleaded "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder, 175 F. Supp. 3d at 87 (internal citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## II.    PLAINTIFF'S CLAIM AGAINST DEFENDANT DURANTE

### A.    The R&R and Defendants' Objections

Judge Netburn recommends that this Court deny Defendants' motion with respect to the deliberate indifference claim against Warden Durante. (R&R (Dkt. No. 71) at 8, 11) As discussed above, Defendants filed timely objections to this recommendation, so the Court will review this portion of the R&R de novo.

Judge Netburn concludes that the Complaint contains sufficient facts to plead a Section 1983 deliberate indifference claim against Warden Durante under a theory of supervisor liability: "Although thin, [Plaintiff's] allegation is enough . . . to allege that Defendant Durante 'fail[ed] to act on information indicating that unconstitutional acts were occurring.' Those unconstitutional acts include a violation of [Plaintiff's] right to be confined under conditions that are free from violence and danger." (Id. at 8 (quoting Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003)) Accordingly, Judge Netburn recommends that Defendants' motion be denied with respect to the claim against Durante.

Defendants object to Judge Netburn's recommendation, arguing that Plaintiff has not stated a claim for supervisor liability against Durante. Defendants contend that "a plaintiff's mere allegation that a high-ranking official knew of alleged constitutional violations through some unspecified writing is insufficient to plausibly infer supervisory liability." (Def. Obj. (Dkt. No. 72) at 10-11)

9

B. **Applicable Law**

It is "well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "'Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient.'" Vasquez v. Reilly, No. 15-CV-9528 (KMK), 2017 WL 946306, at *11 (S.D.N.Y. Mar. 9, 2017) (quoting Lindsey v. Butler, 43 F. Supp. 3d 317, 329 (S.D.N.Y. 2014)).

Although "supervisors cannot be held liable based solely on the alleged misconduct of their subordinates," id., the personal involvement of a supervisor may be established by showing that

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[4]

---

[4] In Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009), the Supreme Court ruled that "a supervisor's mere knowledge of his subordinate's discriminatory purpose [does not] amount[] to the supervisor's violating the Constitution." "The Court of Appeals has acknowledged that the continuing vitality of all the Colon categories [giving rise to supervisory liability] remains unresolved following Iqbal." Dunham v. City of New York, 295 F. Supp. 3d 319, 331 n.9 (S.D.N.Y. 2018) (citing Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (stating that "the Supreme Court's decision in [Iqbal] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," but

C. **Analysis**

The Complaint alleges generally "that defendant Warden Tony Durante of AMKC knew about [the inmate assaults on Plaintiff]," but "failed to take the proper steps after [October 28, 2014] to prevent further attacks on [Plaintiff]." (Cmplt. (Dkt. No. 2) at 3) The Complaint further alleges that, at least by January 16, 2015, Durante knew "from reports" that Plaintiff's "court papers – indictment" were "circulating around [AMKC]." (Id. at 5)

Conclusory allegations that Durante "knew about" inmate assaults on Plaintiff, or that he "knew . . . from [unspecified] reports" that Plaintiff's "court papers" were "circulating around [the AMKC]," are "insufficient, as a matter of law, to establish [his] personal involvement." Sanders v. City of New York, No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *10 (S.D.N.Y. June 25, 2018) (citing Alvarado v. Westchester Cty., 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) ("[B]ecause Section 1983 liability cannot be predicated on a theory of respondeat superior, . . . a [supervisory] defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." (internal quotation marks and citations omitted))); see also Watson v. McGinnis, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) ("[A]llegations that an official ignored a prisoner's letter are insufficient to establish liability.").

---

declining to reach that issue); Reynolds v. Barrett, 685 F.3d 193, 205 n.14 (2d Cir. 2012) ("We need not determine if the pattern-or-practice framework can ever be used in a 1983 suit against a policy-making supervisory defendant, although we note our considerable skepticism on that question, in light of the Supreme Court's decision in [Iqbal].")). "The continuing validity of Colon remains unresolved and the issue continues to be a matter of disagreement among District Judges within the Circuit." Dunham, 295 F. Supp. 3d at 331 n.9 (citing Corbett, 2018 WL 919832 at *6 n.5); see also Taylor v. City of New York, No. 16 Civ. 7857 (NRB), 2018 WL 1737626, at *7-8 n.8 (S.D.N.Y. Mar. 27, 2018) ("Courts in this district have reached different conclusions as to whether all or merely some of the Colon factors survive Iqbal." (citations omitted)) This Court need not address the issue here, because – as discussed below – Plaintiff has not pled facts satisfying any of the Colon factors.

Because Plaintiff has not pled facts sufficient to make it plausible that Durante was deliberately indifferent to the inmate assaults that Plaintiff suffered, or the risk of inmate assaults, Defendant's motion to dismiss will be granted as to Durante.

### III. CLAIMS AGAINST THE CITY, STANLEY, AND WHITAKER

Judge Netburn recommends that this Court dismiss the claims against the City, Stanley, and Whitaker. (R&R (Dkt. No. 71) at 5-6, 8-11) No party has objected to this recommendation. Accordingly, it is subject to the clear error standard of review.

Plaintiff's Section 1983 claim against the City is based on its alleged deliberate indifference to his safety and failure to provide adequate medical care. (Cmplt. (Dkt. No. 2) at 12) In order for a municipality to be held liable under Section 1983, Plaintiff must plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Rodriguez v. Winski, 973 F. Supp. 2d 411, 425 (S.D.N.Y. 2013) (citing Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)). Plaintiff may satisfy the "custom or policy" prong by alleging the existence of (1) a formal policy, Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978), (2) actions taken by a final municipal policymaker that caused the constitutional violation, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986), (3) a practice so persistent and widespread it constitutes a "custom or usage," Monell, 436 U.S. at 690-91, or (4) a failure to train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact," City of Canton v. Harris, 489 U.S. 378, 388 (1989). As Judge Netburn states, Plaintiff "does not allege that his rights were violated pursuant to a formal policy, a de facto or implied policy, the decision of a final municipal policymaker, or a failure to train." (R&R (Dkt. No. 71) at 6)

12

(footnote omitted)) Accordingly, she recommends that the claims against the City be dismissed. (Id.) This Court agrees.

Plaintiff brings deliberate indifference claims against Whitaker and Stanley for their actions in connection with the November 6, 2014 and January 16, 2015 inmate attacks he suffered. (Cmplt. (Dkt. No. 2) at 14) The statute of limitations for Section 1983 claims is three years, Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002), and "accrual occurs 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"[5] Id. at 80 (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980)). The Complaint is deemed filed on February 5, 2018.[6] Accordingly, Judge Netburn concluded that any claim regarding conduct occurring before February 5, 2015 is time-barred. (R&R (Dkt. No. 71) at 8) This Court agrees with Judge Netburn's analysis, and concludes that Plaintiff's claims against Defendants Stanley and Whitaker must be dismissed as time-barred.

## IV. LEAVE TO AMEND

With respect to leave to amend, the Second Circuit has cautioned that district courts "'should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"

---

[5] State law governs the limitations period for Section 1983 claims, Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001), and "New York law [does not] toll the statute of limitations due to [p]laintiff's imprisonment." Traore v. Shield, No. 14 Civ. 8463 (ER), 2016 WL 316856, at *7 (S.D.N.Y Jan. 26, 2016) (citing Venticinque v. Brown, No. 09 Civ. 2861 (DLI) (MDG), 2010 WL 1486449, at *2 (E.D.N.Y. Apr. 14, 2010) ("[I]mprisonment does not itself act as a toll for prisoners bringing § 1983 claims." (internal citation and quotations omitted)); Fairley v. Collins, No. 09 Civ. 6894 (PGG), 2011 WL 1002422, at *5 (S.D.N.Y. Mar. 15, 2011) ("New York does not toll the limitations period for most prisoners' lawsuits.")).

[6] Plaintiff signed the Complaint in prison on February 5, 2018, and it was filed on the docket on February 12, 2018. (Cmplt. (Dkt. No. 2) at 21) Under the prison mailbox rule, an incarcerated party's submission is filed on the date it is placed in the prison mailing system. Houston v. Lack, 487 U.S. 266 (1988).

Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

Accordingly, leave to amend is granted.

## CONCLUSION

The Court adopts Judge Netburn's R&R with respect to Plaintiff's claims against the City, Stanley, and Whitaker, and Defendants' motion to dismiss is granted as to these Defendants. Plaintiff's claims against Defendant Durante – for the reasons stated above – are likewise dismissed. The Clerk of Court is directed to terminate the motion (Dkt. No. 23). Any motion for leave to file an Amended Complaint will be submitted by April 26, 2019. The proposed Amended Complaint is to be attached as an exhibit to the motion.

The Clerk of Court is instructed to send a copy of this order by certified mail to pro se Plaintiff Elvis Sanchez, DIN # 18A3600, Clinton Correctional Facility, P.O. Box 2000, Dannemora, NY 12929.

Dated: New York, New York
March 28, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge