UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                            :

ELVIS SANCHEZ,                                                :

                             Plaintiff,              :              18-CV-1259 (JPC) (SN)

      -v-                               :            OPINION AND ORDER
                                         :            GRANTING *PRO BONO*
CITY OF NEW YORK et al.,                    :              COUNSEL

                         Defendants.           :

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/30/2020__

JOHN P. CRONAN, United States District Judge:

      On May 1, 2020, the Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, adopted a Report and Recommendation issued by the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York, on Defendants' summary judgment motion. (Dkt. 123). The May 1, 2020 Order granted summary judgment in part and denied summary judgement in part, thereby allowing Plaintiff's claims against certain individual Defendants on deliberate indifference in connection with an alleged February 25, 2015 assault to proceed to trial. (*Id.*). On September 29, 2020, this case was reassigned to the undersigned. On October 13, 2020, the Court directed Plaintiff to advise the Court by November 15, 2020 if he wanted the Court to attempt to locate *pro bono* counsel to represent him. (Dkt. 129). On November 19, 2020, Plaintiff filed a letter requesting the Court to seek *pro bono* counsel to represent him at trial. (Dkt. 130). For reasons that follow, the Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Plaintiff for purposes of the trial.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

On March 20, 2018, the Honorable Colleen McMahon, Chief United States District Judge for the Southern District of New York, granted Plaintiff's Request to Proceed *in Forma Pauperis* (IFP).  (Dkt. 6.)  According to Plaintiff's most recent letter with the Court, Plaintiff's financial status has not changed.  (Dtk. 130).  Plaintiff therefore qualifies as indigent.

In the Complaint, Plaintiff asserted claims under 42 U.S.C. § 1983 against the City of New York and a number of individual Defendants.  (Dkt. 2).  The claims arose from multiple alleged incidents while Plaintiff was incarcerated at the Anna M. Kross Center on Rikers Island.  The Complaint alleged deliberate indifference to both medical needs and to a serious risk of assault by other inmates.  On March 28, 2019, Judge Gardephe adopted a Report and Recommendation by Judge Netburn, granting a motion to dismiss as to the City and certain individual Defendants.  (Dkt. 76).  On May 1, 2020, after discovery was conducted, Judge Gardephe issued an Order adopting another Report and Recommendation by Judge Netburn to grant summary judgment in part and deny summary judgment in part as to the Plaintiff's remaining claims.  (Dkt. 123).  The Court denied summary judgment as to Plaintiff's claim of deliberate indifference to a risk of serious assault by inmates against Defendants White, Monroe, and Daif in connection with the February 25, 2015 incident.  (*Id.*).  Plaintiff now requests that the

Court to seek *pro bono* counsel for his representation at trial. (Dkt. 130). The Court has considered Plaintiff's request for counsel and finds that the *Hodge* factors have been met.

First, the Court finds that issues raised by Plaintiff's allegations are "likely to be of substance" and "appear[ ] to have some chance of success." *Hodge*, 802 F.2d 61–62. Judge Gardephe adopted Judge Netburn's Report and Recommendation, finding that Plaintiff's claims against Defendants White, Monroe, and Daif of deliberate indifference in connection with the alleged February 25, 2015 assault raises material issues of fact. In addition, Defendants' status letter indicates that settlement is unlikely, (Dkt. 126), and the case is ready to proceed to trial.

The rest of the *Hodge* factors weigh in favor of requesting *pro bono* counsel. The remaining claims center around whether Defendants White, Monroe, and Daif exhibited a deliberate indifference to a risk of serious assault by other inmates during the February 25, 2015 incident. These claims will likely require extensive evidentiary presentation at trial, including direct examination of Plaintiff's witnesses and cross examination of Defendants' witnesses. Although Plaintiff has been able to proceed with discovery without the aid of counsel, English is Plaintiff's second language, which will impair his ability to present his case at trial. (Dkt. 130). The trial will also present legal issues that a trained attorney would be best equipped to assess and address, including whether Defendants White, Monroe, and Daif are entitled to qualified immunity and whether the actions of those Defendants were objectively unreasonable. Lastly, Plaintiff has requested *pro bono* counsel several times throughout this proceeding. (Dkts. 27, 59). The Court therefore finds that Plaintiff has attempted, but was unable to, obtain counsel.

In this case, the Court finds that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

4

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 30, 2020
New York, New York

                              JOHN P. CRONAN
                            United States District Judge