UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------x

ELVIS SANCHEZ,

      Plaintiff,

  versus                                                           No. 18 Civ. 1259 (JPC) (SN)

CAPTAIN WHITE, CAPTAIN MONROE, INTAKE
SECURITY, AND CORRECTION OFFICER DAIF,        JOINT PRETRIAL ORDER

      Defendants.

---------------------------------------------------------------------------------x

      The parties to this action jointly submit this proposed pretrial order:

      (i)    Full caption of the action:  The full caption is as above.  The remaining defendants are Warden (formerly Captain) Tamika White, Captain Latonia Monroe, and Correction Officer Roy Daif.

      (ii)    Trial counsel:

      For plaintiff:  Ira G. Greenberg, Locke Lord LLP, 200 Vesey Street, suite 2001, New York, NY  10281.  Tel.:  (O) 212.912.2756.  (C) 203.858.7169.  Fax: 888.325.9157. ira.greenberg@lockelord.com.

      Glenn Greenberg, Mendes & Mount, LLP, 750 Seventh Avenue, #24, New York, NY  10019, Tel.:  (O) 212.261.8211.  (C) 203.856.0764.  glenn.greenberg@mendes.com.

      For defendants:  William T. Gosling, Assistant Corporation Counsel, 100 Church Street, New York, NY  10007.  Tel.: (O) 212.356.2384   (C) 646.939.7445. wgosling@law.nyc.gov.

      Additional defense counsel will be assigned before commencement of the trial.

1

  (iii) <u>Subject matter jurisdiction</u>:

<u>For plaintiff</u>:  This action arises under the fourteenth amendment to the United States Constitution and 42 U.S.C. § 1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4).

<u>For defendants</u>:  Defendants do not contest this Court's subject matter jurisdiction.

  (iv) <u>Claims and defenses to be tried</u>:

<u>For plaintiff</u>:  Plaintiff Elvis Sanchez claims that he was deprived of his civil rights while a pretrial detainee at Rikers Island by virtue of the failure on February 25, 2015, through the willful indifference of Captain White and Captain Monroe to ensure his safety and of Correction Officer Daif to do the same and to prevent the injuries that other inmates' assault on Mr. Sanchez caused.  The Court previously granted summary judgment against Mr. Sanchez on claims relating to earlier assaults and those relating to medical treatment on and after February 25, 2015.

<u>For defendants</u>:  Defendant Correction Officer Daif did not violate plaintiff's constitutional rights as he reasonably responded to a surprise attack on the plaintiff.  At the very least defendant Daif is entitled to qualified immunity.

Defendants Captain White and Captain Monroe are not liable as they were neither personally involved in any alleged constitutional violation, nor did they fail in their duty to protect the plaintiff.  Defendants White and Monroe should also be entitled to qualified immunity.

  (v) <u>Jury trial</u>.  The parties agree that the case is to be tried to a jury and that it should take about three days, not including deliberations.

(vi)     Nature of the case.

Plaintiff Elvis Sanchez was detained in the City prison on Rikers Island while he was awaiting trial. On February 25, 2015, while in a holding cell, a number of other inmates attacked Mr. Sanchez. He was treated on site and EMS was called. Mr. Sanchez was then taken by ambulance to the hospital.

Mr. Sanchez contends that the fact that defendants, Captains Monroe and White and Correction Officer Daif, had acted with deliberate indifference to his health and safety proximately caused the attack and his resulting injuries. More particularly, Mr. Sanchez maintains that he had been attacked three previous times in Rikers Island; that those attacks occurred because of the nature of the charges against him, which had become widely known in the prison; that as a result he had sought to be placed in protective custody so as to prevent yet another attack on him; and that Captains Monroe and White, despite an obligation to do so, had failed to place him in, or take other action to protect him pending his transfer to, protective custody. Mr. Sanchez further alleges that Officer Daif, although in a position to protect him and to stop the attack quickly once it happened, did not do so for far too long, with the result that the injuries were much worse than they would have been. Mr. Sanchez says that not only did he experience serious injuries on the date of the attack but that the effects of those injuries continue to this day.

Defendants contend that on February 25, 2015, plaintiff, Elvis Sanchez, was detained at the Anna M. Kross Center on Rikers Island awaiting trial for sexual assault of a child, a violation under New York Penal Code Section 130.96. While released on bail, Elvis Sanchez was rearrested and detained at Anna M. Kross Center after he violated an Order of Protection by committing a burglary of the criminal victim's storage locker. Defendants Captain White,

3

Captain Monroe, and Correction Officer Daif were employed by the Department of Correction and working at the Anna M. Kross Center on February 25, 2015.

There was no Court Order requiring Mr. Sanchez to be placed into protective custody while in Department of Correction custody. On February 25, 2015, unbeknownst to the defendants, the plaintiff was assaulted by unknown inmates and was promptly brought for medical treatment where he received sufficient treatment for his injuries from the surprise attack.[1]

    (vii)   <u>List of relevant people, places, and institutions</u>.

Elvis Sanchez
Tamika Monroe
Latonia White
Roy Daif
Rikers Island
Brooklyn Detention Center
Bellevue Hospital
Elmhurst Hospital
New York City Health and Hospitals Corporation
Clinton Correctional Facility (Dannemora)

    (viii)   <u>Trial by magistrate judge</u>.  One or more parties do not consent.

    (ix)   <u>Stipulations</u>.  None.

    (x)   <u>Trial witnesses</u>.

For plaintiff:

Elvis Sanchez:  Mr. Sanchez will principally testify to his incarceration while awaiting trial; the charge on which he was being held; the significance of that charge to his health and safety while incarcerated; previous attacks on him while in Rikers Island and the

---

[1] Mr. Sanchez objects to the sentence concerning the reason for Mr. Sanchez's rearrest as irrelevant and tending to confuse the issues. Mr. Sanchez further objects to the discussion of the adequacy of the medical treatment as irrelevant given the Court's decision granting summary judgment to defendants on this issue and Mr. Sanchez's therefore not alleging or intending to prove the contrary. Mr. Sanchez will move in limine to exclude these matters.

nature and severity of his injuries from those attacks;[2] the events on February 25, 2015, including his requests for protective custody and the attack on him; his injuries and treatment on that date and thereafter; his transfer to Brooklyn after that incident; and his statements concerning the various attacks.

Mr. Sanchez reserves the right to call any of the defendants as adverse witnesses and such witnesses as may be necessary to lay the foundation for his proposed exhibits to the extent that defendants object to their authenticity or admissibility. Mr. Sanchez either has subpoenaed or will shortly subpoena witnesses for this purpose.

For defendants:

Captain White:  Captain White will principally testify to the facts and circumstances surrounding the February 25, 2015 incident at the Anna M. Kross Center and her general experience working at the Anna M. Kross Center.

Captain Monroe:  Captain Monroe will principally testify to the facts and circumstances surrounding the February 25, 2015 incident at the Anna M. Kross Center and her general experience working at the Anna M. Kross Center.

Correction Officer Daif:  Officer Daif will principally testify to the facts and circumstances surrounding the February 25, 2015 incident at the Anna M. Kross Center and his general experience working at the Anna M. Kross Center.

(xi)   Deposition designations for case-in-chief:

For plaintiff: None.

For defendants: None.

---

[2] As argued in defendants' motion in limine, details regarding any prior attacks were already determined by the Court to be time-barred, and therefore should not be relevant or admissible at trial. Mr. Sanchez will respond to that position in accordance with the Court's scheduling order.

5

(xii)     Exhibits

For plaintiff:

1        Letter, Matai-Sanchez to Gardephe, June 22, 2018 [Dkt. No. 21]

Objection: Defendants object to plaintiff's exhibit 1 pursuant to Fed. R. Evid. 401.

2        Order, July 16, 2018 [Dkt. No. 28]

Objection: Defendants object to plaintiff's exhibit 2 pursuant to Fed. R. Evid. 401

3        Dep't of Correction Directive No. 3376, Inmate Grievance and Request Program, Sept. 10, 2012

Objections: Defendants object to plaintiff's exhibit 3 pursuant to Fed. R. Evid. 401 and Fed R. Evid. 403.

4        Memo, Durante to Jennings, Mar. 25, 2015 [DEF128]

Objections: Defendants object to plaintiff's exhibit 4 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

5        Dep't of Correction Directive No. 6007R-A, Protective Custody, Aug. 27, 2010

Objections: Defendants object to plaintiff's exhibit 5 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

6        Injury to inmate report, Feb. 25, 2015 [DEF1651]

Objections: Defendants object to plaintiff's exhibit 6 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

7        Injury to inmate report, Feb. 25, 2015 [DEF125]

Objections. Defendants object to plaintiff exhibit 7 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

8     Complaint

Objections: Defendants object to parts of plaintiff's exhibit 8 pursuant to Fed. R. Evid. 401, Fed. R. Evid 403, and Fed. R. Evid. 801.

9     Medical record, Jan. 12, 2015 [DEF1575-80]

Objections: Defendants object to plaintiff's exhibit 9 pursuant to Fed. R. Evid 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

10     Medical record, Jan. 14, 2015 [DEF1561-67]

Objections: Defendants object to plaintiff's exhibit 10 pursuant to Fed R. Evid 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

11     Medical record, Jan. 16, 2015 [DEF1537-39]

Objections: Defendants object to plaintiff's exhibit 11 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

12     Medical record, Jan. 20, 2015 [DEF1527-34]

Objections: Defendants object to plaintiff's exhibit 12 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

13     Medical record, Jan. 26, 2015 [DEF1508-10]

Objections: Defendants object to plaintiff's exhibit 13 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

14     Medical record, Feb. 25, 2015 [DEF1455-57]

Objections: Defendants object to plaintiff's exhibit 14 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

15     Medical record, medical history summary [DEF2623]

Objections: Defendants object to plaintiff's exhibit 15 pursuant to Fed. R. Evid. 401, and Fed. R. Evid. 403.

16    [Withdrawn]

17    Medical record, July 31, 2014 [DEF2533-38]

Objections: Defendants object to plaintiff's exhibit 11 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

18    Medical record, Apr. 1, 2015 [DEF1402]

Objections: Defendants object to plaintiff's exhibit 15 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

19    Medical record, Apr. 22, 2015 [DEF1389]

Objections: Defendants object to plaintiff's exhibit 15 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

20    Medical record, July 15, 2015 [DEF1272-73]

Objections: Defendants object to plaintiff's exhibit 15 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

21    Medical record, Aug. 10, 2015 [DEF1234-35]

Objections: Defendants object to plaintiff's exhibit 15 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

22    Medical record, Jan. 13, 2016 [DEF1084-85]

Objections: Defendants object to plaintiff's exhibit 15 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403 and Fed. R. Evid 801.

23    Bellevue electrodiagnostic medical record, Nov. 30, 2016 [DEF2068-69]

Objections: Defendants object to plaintiff's exhibit 23 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.0

    24    Medical record, Jan. 11, 2017 [DEF629-30]

Objections: Defendants object to plaintiff's exhibit 24 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

    25    Medical record, Feb. 7, 2017 [DEF600-01]

Objections: Defendants object to plaintiff's exhibit 25 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

    26    Medical record, Mar. 10, 2017 [DEF555-56]

Objections: Defendants object to plaintiff's exhibit 26 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

    27    Medical record, Apr. 6, 2017 [DEF511-12]

Objections: Defendants object to plaintiff's exhibit 27 pursuant to Fed. R. Evid. 401 and Fed. R. Evid 403.

    28    Medical record, June 15, 2017 [DEF422-23]

Objections: Defendants object to plaintiff's exhibit 28 pursuant to Fed. R. Evid. 401 and Fed. R. Evid 403.

    29    Medical record, Oct. 4, 2017 [DEF305-06]

Objections: Defendants object to plaintiff's exhibit 29 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

    30    Medical record, Jan. 30, 2018 [DEF227-28]

Objections: Defendants object to plaintiff's exhibit 30 pursuant to Fed. R. Evid. 401 and Fed. R Evid. 403.

      31       Medical record, Feb. 22, 2018 [DEF221-22]

      Objections: Defendants object to plaintiff's exhibit 31 pursuant to Fed. R. Evid. 401, Fed. R. Evid 403, and Fed. R. Evid. 801.

      32       Bellevue medical record, Mar. 6, 2018 [DEF2110-11]

      Objections: Defendants object to plaintiff's exhibit 32 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

      33       Medical record, Mar. 7, 2018 [DEF215-18]

      Objections: Defendants object to plaintiff's exhibit 33 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

      34       Medical record, July 5, 2018 [DEF162]

      Objections: Defendants object to plaintiff's exhibit 34 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

      35       Elmhurst medical record, Nov. 21, 2010 [DEF2629-41]

      Objections: Defendants object to plaintiff's exhibit 35 pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

      36       Protective custody determination form, Mar. 2, 2015 [DEF2694]

      37       Elmhurst radiology records, various dates [DEF2679-81]

      Objections: Defendants object to plaintiff's exhibit 37 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

      38       Elmhurst medical record, Nov. 7, 2014 [DEF2568-70]

      Objections: Defendants object to plaintiff's exhibit 38 pursuant to Fed. R. Evid. 401, Fed. R. Evid. 403, and Fed. R. Evid. 801.

      39       Memo, Davila to Gumusdere, Feb. 28, 2015 [DEF2696]

      40        Inmate voluntary statement, Feb. 27, 2015 [DEF2697-98]

      41        Unusual incident report, Mar. 13, 2015 [DEF89]

      42        Incident report form, Feb. 25, 2015 [DEF93]

      43        Initial placement into protective custody housing form, Feb. 27, 2015 [DEF2695]

      44        Page of inmate movement history log for Mr. Sanchez that includes Feb. 25, 2016 [DEF2707]

Mr. Sanchez does not believe that interrogatory answers are properly made an exhibit, but rather may be read to the jury in the same way as deposition testimony. Mr. Sanchez reserves the right to add defendants' rule 33.2 interrogatory answers to his exhibit list if the Court should disagree with this position.

Given the fact that defendants have objected to almost all of plaintiffs' exhibits, including objecting to admittedly authentic medical records on hearsay grounds, <u>Mr. Sanchez requests an immediate ruling</u> in order to forestall the potential need to call third-party witnesses to testify that those records are within the scope of Fed. R. Evid. 803(1), (3), (4), and (6). Mr. Sanchez has briefed the issues in his memorandum of law, which is being submitted at the same time as this pretrial order, and will shortly have a copy of his exhibits delivered to the Court so that the brief's discussion of those exhibits will make sense.

<u>For defendants</u>:

      A.        Inmate Classification and Risk Screening Form, signed July 30, 2014, [DEF62]

      B.        Inmate Classification and Risk Screening Form, signed January 10, 2015, [DEF2213]

11

    C. Inmate Voluntary Statement by Elvis Sanchez, dated February 25, 2015, [DEF105]

    D. Incident Photo, dated February 25, 2015, [DEF2699].

    E. Medical Record, dated February 11, 2015, [DEF1484-1487]

    F. Mental Health Status Notification and Observation Transfer Form, dated February 25, 2015, [DEF2203].  Mr. Sanchez objects as irrelevant without an adequate foundation.

    G. Photographs, [DEF2836-2844]

Defendants reserve the right to supplement this Joint Pretrial Order and other documents to be supplied.  Defendants also reserve the right to use plaintiff's exhibits at trial.

Plaintiff objects to any "supplement[ation]" of the pretrial order to add exhibits. Defendants have had a draft of this pretrial order for over a month, a period that should have been sufficient to choose exhibits.  The entire purpose of the pretrial order and its requirement that exhibits be listed is to foreclose such surprises at a later time.

  (xiii) <u>Damages claimed</u>.  Mr. Sanchez claims unliquidated damages for past, present, and future physical and mental pain and suffering.

  (xiv) <u>Less than unanimous verdict</u>.  The parties do not consent.

Dated:  New York, NY
   September 20, 2021

            <u>/s/ Ira G. Greenberg</u>
            Ira G. Greenberg
            LOCKE LORD LLP
            200 Vesey Street, suite 2001
            New York, NY  10281
            212.415.8600
            Ira.greenberg@lockelord.com

/s/ Glenn Greenberg
Glenn Greenberg
MENDES & MOUNT, LLP
750 Seventh Avenue, 24th floor
New York, NY  10019
212.261.8000
Glenn.greenberg@mendes.com

Attorneys for Plaintiff

13

                GEORGIA PESTANA
                Corporation Counsel of the City of New York
                Attorney for Defendants White, Monroe,
                  and Daif
                100 Church Street
                New York, NY  10007
                By:  /s/ William T. Gosling
                     William T. Gosling
                Assistant Corporation Counsel
                Special Federal Litigation Division
                (212) 356-2384
                212.356.2384
                wgosling@law.nyc.gov

SO ORDERED:


_____
U.S.D.J.

Dated:  October \_\_, 2021