

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**JOSHUA J. LAX**
*Senior Counsel*
jlax@law.nyc.gov
(212) 356-3538 (tel.)
(212) 356-3539 (fax)

October 15, 2021

**BY ECF**
Honorable John P. Cronin
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     <u>Elvis Sanchez v. City of New York, et al.</u>, 18 Civ. 1259 (JPC) (SN)

Your Honor:

      I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants Captain White, Captain Monroe, and Correction Officer Daif, in the above-referenced matter. I write to per the Court's instruction to provide any comments defendants have to the Court's voir dire form and to provide a list of names of Department of Correction employees defendants believe may be mentioned during the trial.

      I.     Voir Dire Form

      In the Joint Statement of the Case, the second sentence concludes with "and working at the jail at Rikers Island at the time of the February 25, 2015 attack." At the time of the attack, Captain White had left for the day several hours earlier. Therefore, defendants propose changing "at the time" of the attack to "on the date" of the attack. In addition, Captain White's current rank is Assistant Deputy Warden. Defendants ask that this be changed in the Joint Statement of the case as well as Question 6. Defendants also request the phrase "and proximately caused the attach and his resulting injuries" to " which resulted in physical injuries to plaintiff." At this point in the case, the use of proximate cause may be vague and confusing to the potential jurors, and they may improperly conclude that plaintiff is alleging that the three officers affirmatively instigated the attack.

      In terms of the questions, Question 10 should include the facility on Rikers Island where the incidents took place, the Anna M. Kross Center or AMKC. Defendants request that both the full name and abbreviation be used. In addition, plaintiff may discuss events at the Manhattan Detention Center.

Defendants request that Question 19 ask jurors to go back 5 years for their response. Many law enforcement related protests occurred last summer, more than a year ago, and there have been several in the last five years. Further, a larger time period makes it appear less likely that the parties are focusing on any particular protests or events, which defendants are not.

Question 23 states "although this case does not involve his responsibility for that crime in any way." While defendants agree with that perspective in the ultimate analysis, plaintiff's position is that he was harassed and attacked because of his status as someone indicted for child sex offences. While it may be that this case implicates the accusation more than the actual commission of the crime, this may be confusing to the jury. In addition, Question 23 should match Question 24, which asks if the nature of the crime alone would prevent the juror from believing the plaintiff. Thus, the word "alone" should be added to the last sentence in Question 23 and read "Will the fact that Mr. Sanchez has been convicted of a crime and in prison for it alone . . . ."

Finally, Questions 23(a) and 24(a) are difficult for the jurors to answer because they don't know what the evidence is, and would likely say, well it depends what the evidence is if asked this question. Instead, defendants propose asking the following:

Question 23(a): Will the fact that he was convicted of a crime make it difficult for you to consider all the evidence in this case in determining whether the plaintiff has met his burden in this case, not just the fact he was convicted of a crime?

Question 24(a): Will the nature of Mr. Sanchez's crime make it difficult for you to consider all the evidence in this case in determining whether the plaintiff has met his burden in this case, and not just focus on the nature of his crime?

II.     Department of Correction Officials Names

Based on the documents that may be offered in this case, defendants believe the below list of names may be mentioned. Defendants are not sure who if anyone beyond this list may be discussed by plaintiff.

1. Andrea Hall
2. Richard Garvin
3. Oluyomibo Olaniyan
4. Daisy Davila
5. Turhan Gumusdere
6. Max'solaine Mingo
7. Michael Pantano
8. Migdalia Montana
9. Edith Margarito
10. Calloway (defendants could not determine the first name)
11. Simon Najah
12. Gerome Brown
13. Katrina Boyd

14. Regana Daniel
15. Sanja Medich
16. Justin Simpson

Defendants thank the Court for its consideration of this submission.

Respectfully submitted,

/s/

Joshua J. Lax
Senior Counsel
Special Federal Litigation Division

cc:   All counsel  **(By ECF)**