UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ELVIS SANCHEZ,

                Plaintiff,

   -v-

CAPTAIN WHITE, CAPTAIN MONROE, and
CORRECTION OFFICER DAIF,

                Defendants.

-----------------------------------------------------------------X

18 Civ. 1259 (JPC)

**VERDICT FORM**

**I.**    **Liability**

   **A. Defendant Tamika White**

Question 1:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that, on February 25, 2015, Defendant Tamika White knew or should have known that the plaintiff was incarcerated under conditions that posed a substantial risk of serious harm, yet Defendant White either intentionally or recklessly failed to act with reasonable care to mitigate such risk of harm?

        Yes: _____     No: ___✓___

*If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, proceed to Question 3.*

Question 2:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that, on February 25, 2015, Defendant Tamika White's failure to mitigate this risk of harm proximately caused the plaintiff's injuries?

        Yes: _____     No: _____

1

**B. Latonia Monroe**

Question 3:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that, on February 25, 2015, Defendant Latonia Monroe knew or should have known that the plaintiff was incarcerated under conditions that posed a substantial risk of serious harm, yet Defendant Monroe either intentionally or recklessly failed to act with reasonable care to mitigate such risk of harm?

Yes: _____    No: ___✓___

*If you answered "Yes" to Question 3, proceed to Question 4. If you answered "No" to Question 3, proceed to Question 5.*

Question 4:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that, on February 25, 2015, Defendant Latonia Monroe's failure to mitigate this risk of harm proximately caused the plaintiff's injuries?

Yes: _____    No: _____

**C. Roy Daif**

Question 5:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that, on February 25, 2015, Defendant Roy Daif knew or should have known that the plaintiff was incarcerated under conditions that posed a substantial risk of serious harm, yet Defendant Daif either intentionally or recklessly failed to act with reasonable care to mitigate such risk of harm?

Yes: _____    No: ___✓___

*If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceeded to Question 7, but only if you answer "Yes" to both Questions 1 and 2 and/or to both Questions 3 and 4. If not, your deliberations are complete and proceed to the end of this form.*

Question 6:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that, on February 25, 2015, Defendant Roy Daif's failure to mitigate this risk of harm proximately caused the plaintiff's injuries?

Yes: _____    No: _____

## II. Damages

*As noted above, you may only answer Question 7 if you answered "Yes" to (i) both Questions 1 and 2; (ii) both Questions 3 and 4; and/or (iii) both Questions 5 and 6.*

Question 7:

Has the plaintiff, Elvis Sanchez, proven by a preponderance of the evidence that he suffered any compensatory damages as a result of the injury or harm proximately caused by any of the defendants?

        Yes: _____        No: _____

*If "Yes":* What amount of compensatory damages do you award?

        $ _____

*If "No":* You are required to enter an award of nominal damages in an amount not to exceed one dollar ($1.00). What amount of nominal damages do you award?

        $ _____

*The Foreperson should ensure that each juror agrees with the answer to each Question answered above. If so, your deliberations have concluded and the Foreperson and the jurors should sign and date below.*



Foreperson

Dated: October 21, 2021

3